UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINE B.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

1:20-CV-1567-LJV
DECISION & ORDER

---

On October 26, 2020, the plaintiff, Christine B. ("Christine"), brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2] Docket Item 1. On September 17, 2021, Christine moved for judgment on the pleadings, Docket Item 9; on February 11, 2022, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 12; and on March 23, 2022, Christine replied, Docket Item 13.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Christine applied for Disability Insurance Benefits ("DIB"). One category of persons eligible for DIB includes any adult with a disability who, based on her quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *see also Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989). A qualified individual may receive both DIB and Supplemental Security Income ("SSI"), and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court grants Christine's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

**DISCUSSION**

Christine argues that the ALJ erred in two ways.  Docket Item 9-1 at 1.  First, she argues that the ALJ impermissibly substituted his own lay opinion for that of a competent medical professional.  *Id.* at 11.  Second, she argues that the ALJ failed to reconcile his residual functional capacity ("RFC")[4] determination with the opinion of Damian Zakroczemski, PA-C.  *Id.* at 14. This Court agrees that the ALJ erred and, because that error was to Christine's prejudice, remands the matter to the Commissioner.

On December 11, 2018, PA Zakroczemski completed a medical source statement in which he checked a box opining that Christine was capable of low-stress jobs.  *See* Docket Item 8 at 789.  The ALJ found that part of the opinion to be "supported by the evidence of record," and he therefore "considered [it] in determining the [RFC] at Finding No. 5."  *Id.* at 31.  But the ALJ did not address Christine's stress tolerance in any further detail.  And that was error requiring remand.

An RFC determination can account for a claimant's stress even without an explicit stress limitation*, see Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2021), so the ALJ's failure to use the word "stress" in the RFC is not the problem.  But "stress is 'highly individualized,' [and] mentally impaired individuals 'may have difficulty meeting the requirements of even so-called "low[-]stress" jobs.'"  *Stadler*

---

[4] A claimant's RFC "is the most [she] can still do despite [her] limitations . . . in an ordinary work setting on a regular and continuing basis."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

*v. Barnhart*, 464 F. Supp. 2d 183, 188-89 (W.D.N.Y. 2006) (quoting SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985)).  "[T]he Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect [her] ability to work."  *Id.*

Here, in addition to finding PA Zakroczemski's stress limitation "supported by the evidence of record," Docket Item 8 at 31, the ALJ found that Christine's "bipolar disorder, major depressive disorder[,] and anxiety" were "severe impairments," *id*. at 22 (emphasis omitted).  And, perhaps to account for her stress-related issues, he limited Christine to "simple, routine, and repetitive tasks; simple work-related decisions; . . . [and] occasional interaction with supervisors, co-workers[,] and the general public."  Docket Item 8 at 25-26.  But other than by saying that the RFC "fully accommodates the limitations as opined by Physician Assistant Zakroczemski," Docket Item 8 at 31, the ALJ did not link any work-related limitations to the nature and circumstances of Christine's stress either in his examination of the vocational expert or in his decision.  *See id.* at 25-33, 70-74.  And without that link, this Court has no way of evaluating whether the limitations in the RFC equate to "low-stress jobs" that adequately account for Christine's stress.

For example, it is possible that Christine's stress is triggered by interaction with others; if so, the limitation to only occasional interaction with supervisors, co-workers, and the general public might account for that.  Likewise, Christine's stress might be triggered by having to make challenging decisions; if so, then perhaps the limitation to jobs that require only simple, routine, and repetitive tasks and simple work-related decisions will do the trick.  But Christine's stress also might be triggered by any number

4

of other factors that the RFC does not address.  And because the ALJ did not address the nature and circumstances of Christine's stress, this Court cannot evaluate whether the RFC adequately accounts for Christine's severe mental impairments as they relate to stress.  *See Joleene S. v. Comm'r of Soc. Sec.*, 2022 WL 16631162, at *4 (W.D.N.Y. Nov. 2, 2022) (citing *Haymond v. Colvin*, 2014 WL 2048172 (W.D.N.Y. May 19, 2014)) ("An ALJ is required to specifically analyze a plaintiff's limitations in dealing with stress and how those difficulties may affect her ability to work."); *see also Laura C. v. Comm'r of Soc. Sec.*, 529 F. Supp. 3d 64, 71 (W.D.N.Y. 2021) (finding that meaningful judicial review was precluded when the Court was "left to speculate" about the ALJ's reasoning).

      The Commissioner argues that the ALJ did not err because "there are myriad examples of cases upholding decisions of the Commissioner that included an RFC with low[-]stress limitations and th[e] precise jobs" that the ALJ found Christine could perform.  Docket Item 12-1 at 13.  And in some instances, work-related limitations like those imposed here can adequately account for a claimant's stress-related issues.  *See Herb*, 366 F. Supp. 3d at 447 ("For example, an RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for the plaintiff's stress-related limitations.") (citations omitted).  But because stress is so highly individualized, an ALJ must address each claimant's stress triggers and tolerance before concluding that the claimant is capable of performing a particular job.  Indeed, as this Court has noted, "[a]lthough a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an

individual with particular mental impairments." *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996).

In sum, because the ALJ did not address the nature of Christine's stress, what triggers it, and her stress tolerance, it is unclear whether she truly is capable of working as a "final assembler," "bench hand," or "laminator." *See* Docket Item 8 at 33. Remand is therefore necessary so that the ALJ can make particularized findings about Christine's stress and thus ensure that the RFC accounts for all of Christine's limitations.[5]

---

[5] The Court "will not reach the remaining issues raised by [Christine] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020) ("However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues.") (citations omitted).

**CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 12, is DENIED, and Christine's motion for judgment on the pleadings, Docket Item 9, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: January 26, 2023
         Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE